## Alexandria

### KENNETH EUGENE HATCHER

V.

### COMMONWEALTH OF VIRGINIA

No. 0981-92-4

Decided February 1, 1994

COUNSEL

Carol L. Hill, for appellant.

Virginia B. Theisen, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

**ELDER, J.**—Kenneth Eugene Hatcher appeals his conviction for distributing cocaine under Code § 18.2-248(A). He contends that the trial court erred in denying his motion for disclosure of the name and address of the Commonwealth's confidential informant who, appellant alleges, might possess exculpatory evidence because he was also a participant in the offense. For the reasons set forth below, we reverse appellant's conviction and remand for a new trial if the Commonwealth be so advised.

On August 29, 1991, Officers Olson and Brown met with John, a confidential informant proven to be reliable. Olson, who knew that the informant and appellant were friends, advised informant that appellant was the subject of a drug investigation and asked informant to introduce Brown to appellant for the purpose of buying cocaine. Informant drove Brown, who was wearing a body mike, to pick up appellant. After Brown told appellant he was "looking" to buy drugs, appellant gave the informant directions on where to go. Appellant got out of the car, approached a person sitting in a chair, and returned twenty seconds later with a rock of cocaine. Brown gave appellant $40 to give to the seller. While the three were driving appellant back to the location at which they picked him up, appellant told Brown and the informant they could look for him there later if Brown wanted more drugs. He also asked for a piece of the cocaine, but Brown refused to give him any, giving him $10 instead.

Six weeks prior to trial, appellant moved to compel production, among other things, of

[a]ll information . . . which tends to exculpate the Defendant or which may benefit the Defendant by way of mitigation; and . . . [t]he complete name and address of a person known to the Defendant only as "John," who was present at the time of the alledged (sic) sale and who is a necessary witness for the Defendant.

At the motion hearing, appellant argued that John's testimony could be potentially exculpatory if he had received "preferential treatment by [the] Commonwealth in exchange for potentially setting up . . .

this deal" and that it might show "how the incident came to be and [defendant's] very limited role in the transaction." The informant was under indictment at the time of the drug sale involving defendant, but that indictment was subsequently nolle prossed following his work as an informant. The court granted the motion as to general exculpatory evidence but denied it as to the request for informant's name and address. Immediately prior to trial, appellant renewed the motion on two grounds: that "the full name and address of this person would be entirely relevant as an exculpatory matter, and also that it would be relevant for purposes of a potential entrapment defense, in that this person was . . . a participant in the offense as opposed to a confidential informer." The trial judge again denied the motion.

Appellant, who testified at trial, explained that he had known the informant for at least eight months; that they frequently had used drugs together and had gone bowling several times; and that the informant had appellant's phone number. Appellant also stated that he knew John's last name as "Bazerak" or "Bizerak" but that he could not properly spell or pronounce it. He also testified that on August 29, 1991, John had some cocaine, which they shared, and John asked defendant to help him obtain more. John then left to get some money (neither party had any at the time), returning about half-an-hour later with Officer Brown. Appellant testified that he had expected John to return alone and that they would share the drugs as they had earlier in the day.

■■■ "As a general rule, 'the identity of a person furnishing the prosecution with information concerning criminal activities is privileged.'" *Daniel v. Commonwealth*, 15 Va. App. 736, 739, 427 S.E.2d 423, 425 (1993) (quoting *Gray v. Commonwealth*, 233 Va. 313, 328, 356 S.E.2d 157, 165, *cert. denied*, 484 U.S. 873 (1987)). We have adopted an exception to this rule, however, such that "[w]here the disclosure of an informer's identity . . . is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege [of nondisclosure] must give way." *Roviaro v. United States*, 353 U.S. 53, 60-61 (1957), *quoted with approval in Daniel*, 15 Va. App. at 739-40, 427 S.E.2d at 425. The application of this exception requires a balancing of

> the public interest in protecting the flow of information [to the police] against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into

consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant facts.

*Roviaro*, 353 U.S. at 62. We further defined the parameters of this exception in *Keener v. Commonwealth*, 8 Va. App. 208, 380 S.E.2d 21 (1989), in which we distinguished between a mere "tipster" and an actual participant in the crime. Where the informant is a tipster who merely supplies information, knowledge of his or her identity "would not be essential in preparing the defense of the accused." *Id.* at 213, 380 S.E.2d at 24. "However, where the informant is an actual participant, and thus a witness to material and relevant events, fundamental fairness dictates that the accused have access to him [or her] as a potential witness." *Id.* Where the trial court has abused its discretion in refusing to order disclosure of the informant's identity, reversal is required. *Daniel*, 15 Va. App. at 739, 427 S.E.2d at 425.

We conclude that this case is controlled by our holdings in *Daniel* and *Keener*, in which we determined that the trial court abused its discretion in refusing to require the Commonwealth to reveal the informant's identity. In both cases, we found that the defendant had sufficiently established that the informant was an actual participant whose testimony might have supported the defendant's defenses of entrapment and accommodation. *Keener*, 8 Va. App. at 213-14, 380 S.E.2d at 24-25; *see Daniel*, 15 Va. App. at 742, 427 S.E.2d at 426-27. The facts in *Keener* are more analogous to those here. In *Keener*, as here, "[t]he record reveals that it was [the informant] who knew [defendant] and who first approached him. [The informant] introduced [defendant] to . . . the undercover officer . . . and either one or both expressed interest in obtaining [illegal drugs]." *Keener*, 8 Va. App. at 213, 380 S.E.2d at 24. In both cases, the informants offered the defendant an enticement—in *Keener*, it was sex, whereas here it was drugs—and in both cases the informant received a reduction in charges based on cooperation. *Id.* at 213-14, 380 S.E.2d at 24-25. Therefore, "[w]e cannot say, under the circumstances suggested in this record, that it is incredible to believe that a jury would either accept [the] defense of entrapment or consider it in mitigation of punishment. Resolution of these factual questions was wholly within the province of the jury." *Id.* at 214, 380 S.E.2d at 25.

The Commonwealth argues that this nondisclosure, even if error, was harmless on several grounds. First, it disputes the application of *Keener,* in which "[t]he trial court made no factual finding that Keener

knew [the identity of the informant] in advance of trial." *Id.* at 215, 380 S.E.2d at 25. In this case, by contrast, it argues that appellant knew his friend John was the informant such that the nondisclosure, even if error, was harmless. We disagree, for our examination of the record in this case shows that appellant had only a suspicion as to the identity of the informant. He stated at the hearing on his motion for discovery, "We believe we know who the physical person was but we did not know that informer's full name and address." The Commonwealth made no admission at that hearing as to the identity of the informant. At trial, the court again denied appellant's request for the name and address of the person he believed "was the confidential informant in this matter." The Commonwealth provided no evidence as to the informant's identity until Officers Brown and Olson testified at trial.

The Commonwealth also argues that *Daniel* is distinguishable because the alleged informant in that case "was the sole witness to the crime from its inception and he alone could confirm [defendant's] trial account of the events in question." *Daniel,* 15 Va. App. at 741, 427 S.E.2d at 426. In this case, by contrast, it argues, Officer Brown was present during the transaction. We reject this distinction. Although Officer Brown was present for the sale itself, he was not present earlier in the day when appellant and the informant allegedly used drugs together and planned the subsequent sale, which was critical to appellant's entrapment and accommodation defenses. We, therefore, conclude that if John was the informer, "that fact was material and relevant to [appellant's] defense." *Id.*

Lastly, the Commonwealth asserts that appellant failed to show that he tried to locate the informant. As discussed above, however, the record shows that the Commonwealth did not reveal until trial that John was indeed the informant. If the Commonwealth had chosen not to reveal this fact but appellant had nevertheless located and subpoenaed John, the Commonwealth could have invoked the privilege at trial to keep John from disclosing whether he was the informant. *See id.* at 742, 427 S.E.2d at 427. We also note that, although the record shows that appellant and John were friends and that John had appellant's phone number, the record contains no evidence that appellant knew how to locate John.

Because "we cannot say as a matter of law that the error . . . did not affect the verdict and, thus, was harmless," *id.* at 744, 427 S.E.2d at

428, we reverse appellant's conviction and remand for a new trial if the Commonwealth be so advised.[1]

*Reversed and remanded.*

Fitzpatrick, J., and Duff, S.J.,* concurred.

---

*Judge Charles H. Duff was appointed Senior Judge effective July 1, 1993, pursuant to Code § 17-116.01:1.

[1] Reversal of the conviction does not, however, compel disclosure:

> The Commonwealth may choose between foregoing prosecution to preserve the identity of the informant or proceeding with the prosecution and being compelled to reveal the identity of the informant . . . . The Commonwealth must make its choice after balancing the public interest in effective law enforcement by preserving the identity of a particular "confidential reliable" informant against its interest in successfully prosecuting an accused for a particular criminal offense. All we decide is that if [the suspected person] was the informant, . . . confirmation of his status as such was essential to a fair determination of the cause.

*Daniel,* 15 Va. App. at 743, 427 S.E.2d at 427-28.

Even if, as alleged here, appellant knows the identity of the informant, the Commonwealth may have an interest in withholding the whereabouts of the informant to protect him. In such a case, if fairness requires disclosure of the confidential informant, the Commonwealth may also choose to forego prosecution.