COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Elder and Overton
Argued at Richmond, Virginia


JEWELL P. MOSES, S/K/A
 JEWEL P. MOSES
                                          OPINION BY
v.        Record No. 0589-97-3      JUDGE NELSON T. OVERTON
                                          MAY 5, 1998
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF GREENSVILLE COUNTY
                      Robert G. O'Hara, Jr., Judge

              R. Clinton Clary, Jr. (Slayton, Bain and
              Clary, on brief), for appellant.

              John K. Byrum, Jr., Assistant Attorney
              General (Richard Cullen, Attorney General;
              Margaret Ann B. Walker, Assistant Attorney
              General), for appellee.


     Jewell Moses (defendant) was convicted in a bench trial of

distribution of cocaine, in violation of Code § 18.2-248.  Prior

to sentencing, she moved for a presentence report to be prepared

by the probation department.  The report included information

describing defendant's history of buying, transporting and

selling drugs, such information being obtained from unnamed

informants.  She contends on appeal that Code § 19.2-299(C),

which mandates inclusion of information relating to a defendant's

association with drugs, violates the Fifth, Sixth and Fourteenth

Amendments to the United States Constitution.[1]  She also contends

_____

     [1]Defendant also claims the statute violates the Eighth
Amendment to the United State Constitution and "their
counterparts under the Virginia Constitution."  Because she has
presented no argument, facts or law on these questions, we
decline to address them.  See Rule 5A:20.  See also Fitzgerald v.
Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) ("We

the court should have required the probation department to reveal the identity of its unnamed sources. Because the statute is constitutional and we find no error by the trial court, we affirm her conviction.

## I. Background

On August 8, 1996 defendant was found guilty in a bench trial of distribution of cocaine. On motion of defendant, the trial court ordered preparation of a presentence report and set a date for sentencing. At the sentencing hearing, the Commonwealth called Investigator Lee Lofland to testify to defendant's past drug associations. Defendant objected because no such information was contained in the report. The trial court sustained defendant's objection but granted a continuance for the probation department to include an addendum to the report containing the requisite information.[2]

At the next sentencing hearing, the Commonwealth offered the addendum, which included information elicited from "Reliable

(..continued)
do not deem it our function to comb through the record . . . in order to ferret-out for ourselves the validity of these claims . . . .").

[2]Code § 19.2-299(C) provides:

> As any part of any presentence investigation conducted pursuant to subsection A when the offense for which the defendant was convicted was a felony drug offense set forth in [Code § 18.2-248], the presentence report shall include any known association of the defendant with illicit drug operations.

informants (7 or 8)."  The unidentified informants told police officials defendant received weekly drug shipments from New York which she distributed to other dealers.  Defendant objected to the addendum on the grounds that the use of information from confidential informants was "fundamentally unfair" and unconstitutional.  Alternatively, she asked that the identities of the informants be revealed.  The lower court overruled both motions but offered defendant the opportunity to subpoena and cross-examine the officers who gathered the information contained in the report.  Defendant declined.

The trial court sentenced defendant to fifteen years but suspended eight years.  It noted that, _inter_ _alia_, the information contained in the addendum describing defendant's "association with significant drug operations" warranted the upward departure from the sentencing guidelines.  Defendant filed her notice of appeal on March 7, 1997.

## II.  Constitutionality

"Every act of the legislature is presumed to be constitutional, and the Constitution is to be given a liberal construction so as to sustain the enactment in question, if practicable."  Bosang v. Iron Belt Bldg. & Loan Ass'n, 96 Va. 119, 123, 30 S.E. 440, 441 (1898).  "When the constitutionality of an act is challenged, a heavy burden of proof is thrust upon the party making the challenge.  All laws are presumed to be constitutional and this presumption is one of the strongest known

to the law." Harrison v. Day, 200 Va. 764, 770, 107 S.E.2d 594, 598 (1959). It is into this inhospitable climate that defendant asserts her several constitutional claims.

### A. Right Against Self-Incrimination

Defendant first contends Code § 19.2-299(C) required her to incriminate herself in derogation of the Fifth Amendment of the United States Constitution. Defendant reasons that inclusion of information gleaned from confidential informants not available for cross-examination left her with no other way to rebut the information but to testify. Defendant cites no authority supporting this proposition, so we look to the scope of the Fifth Amendment privilege to see if it shields defendant from the use of hearsay evidence at a sentencing hearing.

"The privilege against self-incrimination 'protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature.'" Farmer v. Commonwealth, 12 Va. App. 337, 340-41, 404 S.E.2d 371, 372-73 (1991) (quoting Schmerber v. California, 384 U.S. 757, 761 (1966)). "This privilege extends, not only to the guilt phase of a criminal trial, but also to the sentencing phase." Doss v. Commonwealth, 23 Va. App. 679, 687, 479 S.E.2d 92, 96 (1996) (citing Estelle v. Smith, 451 U.S. 454, 462-63 (1981)). However, "[t]he Fifth Amendment does not insulate a defendant from all 'difficult choices' that are presented during the course of criminal proceedings, or even from

- 4 -

all choices that burden the exercise or encourage waiver of the Fifth Amendment's right against self-incrimination."  Id. at 687-88, 479 S.E.2d at 96-97 (quoting United States v. Frazier, 971 F.2d 1076, 1080 (4th Cir. 1992), cert. denied, 506 U.S. 1071 (1993)).

In Doss, the sentencing judge gave the defendant a choice: he could admit his guilt and receive a suspended sentence or remain silent and forgo leniency.  The Doss court followed the reasoning of Frazier in upholding this choice against Fifth Amendment challenge because this option was essentially the same as that offered during plea negotiations:  a favorable sentence in exchange for admission of guilt.  Id. at 688, 479 S.E.2d at 97.

The instant matter is even less complex than Doss or Frazier.  Here, the Commonwealth was not compelling "communications" or "testimony" at all, United States v. Dionisio, 410 U.S. 1, 6 (1973), but was simply presenting evidence uncomplimentary to defendant, as it does in most sentencing hearings.  Defendant contends that her need to rebut or explain the evidence burdened her right to a fair trial.  To the contrary, her freedom to challenge the evidence presented against her ensured her right to a fair trial.

B.  Right to Confront One's Accusers

Defendant next contends that the Commonwealth's refusal to identify all its sources violated her right to confrontation

under the Sixth Amendment.  The United States Supreme Court has stated "the right to confrontation is a <u>trial</u> right, designed to prevent improper restrictions on the types of questions that defense counsel may ask during cross-examination."  <u>Ritchie v. Pennsylvania</u>, 480 U.S. 39, 52 (1987) (citing <u>California v. Green</u>, 399 U.S. 149, 157 (1970)).  In <u>Ritchie</u>, the defendant was denied access during pretrial discovery to investigative files which contained statements by the victim and information about witnesses.  The Court concluded the Sixth Amendment was not offended because a defendant has no right to confront witnesses outside of trial.  <u>See</u> <u>Maryland v. Craig</u>, 497 U.S. 836, 849 (1990) ("'the Confrontation Clause reflects a preference for face-to-face confrontation at trial'"); <u>Goins v. Commonwealth</u>, 251 Va. 442, 456, 470 S.E.2d 114, 124 (1996).  Therefore, application of the Confrontation Clause to the post-trial sentencing proceedings is inappropriate.[3]

## C.  Due Process

Defendant next contends Code § 19.2-299(C) violates the Due Process Clause of the Fourteenth Amendment.  The United States Supreme Court has employed the Due Process Clause to define what information is available during sentencing hearings.  In <u>Williams</u>

---

[3]Defendant was still free to cross-examine the probation officer who authored the report, those witnesses who were named within it and the police officers who gathered statements from the unnamed informants.  Defendant declined this opportunity.  It appears, therefore, that had there been a right to confrontation, it was still met by the great latitude given defendant to examine the persons identified in the report.

v. New York, 337 U.S. 241 (1949), the Court held that a judge could use a presentence report containing hearsay and evidence of unadjudicated crimes without offending the due process guarantee. The Court noted that "most of the information now relied upon by judges to guide them in the intelligent imposition of sentences would be unavailable if information were restricted to that given in open court by witnesses subject to cross-examination."  Id. at 250.

The Court later held in Gardner v. Florida, 430 U.S. 349 (1977), that when a presentence report contained confidential information used to sentence a defendant to death, it violated the Due Process Clause.  However, the Court went to great pains to distinguish Gardner from previous cases, such as Williams.  It stated the reason the hearing was unconstitutional lay not in the use of confidential information per se, but in the denial of an opportunity for defendant to rebut or challenge the evidence. Id. at 356.  It also limited the decision to capital cases.  Id. at 357, 362.

Most recently, in United States v. Watts, 117 S. Ct. 633 (1997), the Court examined language in the federal sentencing guidelines which imposes "[n]o limitation" on the information the court may consider in determining a defendant's sentence.  It held the trial court could consider the evidence of crimes of which the defendant was acquitted if the alleged conduct could be proven by a preponderance of the evidence.  Id. at 638-39.

> This Court has also held that a trial court may rely upon a defendant's criminal record. He may consider prior juvenile adjudications, dismissed juvenile charges and pending charges, charges for which the accused has been indicted, but not convicted, offenses for which the defendant has been convicted, but not sentenced, convictions on appeal, and evidence of unadjudicated criminal activity . . . .

Thomas v. Commonwealth, 18 Va. App. 656, 659, 446 S.E.2d 469, 471 (1994) (en banc) (citations omitted).  This broad rule of inclusion is tempered by the requirement that the information bear some indicia of reliability.  See Alger v. Commonwealth, 19 Va. App. 252, 258, 450 S.E.2d 765, 768 (1994).  During the sentencing hearing at issue here, the trial court specifically found the information provided by the confidential informants was reliable due to corroboration from other sources and its particularity.

Defendant also asserts Code § 19.2-299(C) is void for vagueness because it "encourages selective introduction of evidence."  "A penal statute is void for vagueness if it fails to give a person of ordinary intelligence notice that his contemplated conduct is forbidden by the statute and if the enactment encourages selective law enforcement."  Woodfin v. Commonwealth, 236 Va. 89, 92, 372 S.E.2d 377, 379 (1988) (citation omitted).  However, Code § 19.2-299(C) is not penal in nature:  it merely describes one type of information that must be included if a presentence report is requested.  Therefore,

vagueness analysis of the statute is inappropriate.  See Smith v. Commonwealth, 3 Va. App. 650, 656, 353 S.E.2d 159, 162 (1987) (holding the "Virginia Wiretap Statute" could not be stricken for vagueness because it was not penal).

We hold that inclusion of information under Code § 19.2-299(C) from confidential informants does not violate the Fifth, Sixth or Fourteenth Amendments to the United States Constitution.

### III.  Disclosure of Informants

Defendant next contends that even if the statute is constitutional as applied, "fundamental fairness and the right of confrontation" mandate revelation of the informants' identities.  "Generally, the identity of a person furnishing the prosecution with information concerning criminal activities is privileged." Gray v. Commonwealth, 233 Va. 313, 328, 356 S.E.2d 157, 165 (1987).  A narrow exception to the rule exists "'[w]here the disclosure of an informer's identity . . . is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause.'"  Hatcher v. Commonwealth, 17 Va. App. 614, 616, 440 S.E.2d 416, 418 (1994) (quoting Rovario v. United States, 353 U.S. 53, 60-61 (1957)).  "[N]o fixed rule" was established, but the Court must weigh "the public interest in protecting the flow of information against the individual's right to prepare his defense."  Rovario, 353 U.S. at 62.  This Court further refined the test to exclude "the mere tipster" from

disclosure because, unlike an actual participant, information possessed by the tipster would not facilitate a defense.  See Keener v. Commonwealth, 8 Va. App. 208, 212–13, 380 S.E.2d 21, 24 (1989) (citing McLawhorn v. State, 484 F.2d 1, 5 (4th Cir. 1973) ("disclosure of the informant's identity is required where the informer is an actual participant, particularly where he helps set up the criminal occurrence").

Applying this test, defendant's assertions must fail.  The informants cited in the report were not participants in the events which led to defendant's convictions but were only witnesses to previous criminal activities.  They were not brought to the trial court's attention until after criminal culpability was established.  It is inconceivable they could have been used to assist her defense when they were not used to further her prosecution.  Under the Rovario, Keener, Hatcher line of reasoning, we find that disclosure of the identities of these informants was not required.

IV. Conclusion

We hold that Code § 19.2–299(C) is constitutional under the Fifth, Sixth and Fourteenth Amendments, is not void for vagueness and that disclosure of the identities of the informants used to prepare defendant's presentence report was not required. Accordingly, we affirm defendant's conviction.

Affirmed.

– 10 –