# CIRCUIT COURT OF THE CITY OF ROANOKE

Commonwealth of Virginia

v.

Shane Alan Wolfe

May 3, 1999

Case No. CR98-2233

BY JUDGE ROBERT P. DOHERTY, JR.

The Defendant is charged with the felony of offering to perform oral sodomy in a public park in violation of § 18.2-29 and 18.2-361, Code of Virginia (1950), as amended. He is not charged with the act of prostitution where money changed hands. The Defendant argues that even if he did what the Commonwealth accuses him of, he should not be found guilty of this offense, as he asserts that § 18.2-361, the Virginia statute which declares sodomy to be a felony, is unconstitutional under both the United States Constitution and the Constitution of Virginia. He contends that enforcement of this statute violates his constitutional guarantees of equal protection, due process of law, and freedom from cruel and unusual punishment. He also claims that the statute is overbroad, infringes upon his right of privacy, and imposes unreasonably harsh punishment upon him for the exercise of his individual sexuality. The Commonwealth's Attorney takes the position that the Virginia Anti-Sodomy Statute complies with the dictates of both constitutions. Applying settled law, the Court agrees.

Defendant argues that the United States Supreme Court was wrong in one of its landmark decisions and that it is the duty of this Court to correct that ruling. The Supreme Court of the United States is the highest court in the land. Its decisions on issues dealing with the United States Constitution are final and binding on all courts in this country. Its decisions are controversial in many instances, and citizens frequently feel that some of those decisions should have

been decided differently, but they are the law. The findings of the United States Supreme Court are not wrong under our system of government. They cannot be changed unless the Supreme Court reverses itself, unless Congress changes the law, or unless the Constitution is changed by the citizens.

The arguments of the Defendant in this case mirror the arguments of the losing party in *Bowers v. Hardwick*, 478 U.S. 186 (1986). There as here, the Defendant sought to expand the inferred rights of privacy contained in the Constitution so that those rights would include the right to engage in consensual sodomy. Although the language used by counsel for Defendant may differ and the question presented may appear in a slightly different form, the basic issue is exactly the same. In 1986, the Supreme Court of the United States found the Georgia Anti-Sodomy Statute to be constitutional. There have been no constitutional changes, case decisions, or acts of Congress since then which alter that finding. The Georgia Anti-Sodomy Statute, constitutionally approved at the time of the *Bowers v. Hardwick* decision, is substantially the same as Virginia's current Anti-Sodomy Statute. Accordingly, the court finds that § 18.2-361, the Virginia Anti-Sodomy Statute, does not violate the Constitution of the United States of America. See also *Doe v. Commonwealth's Att'y ex rel. City of Richmond*, 403 F. Supp. 1199 (E.D. Va. 1975); aff'd 425 U.S. 901 (1976), reh'g denied, 425 U.S. 985 (1976); and *Branche v. Commonwealth*, 25 Va. App. 480 (1997).

The Defendant's challenge to the constitutionality of § 18.2-361 under the Virginia Constitution is the same as his challenge to it under the Constitution of the United States, with much the same result. A review of the Virginia law on the subject starts with the premise that "[w]hen the constitutionality of an act is challenged, a heavy burden of proof is thrust upon the party making the challenge. All laws are presumed to be constitutional, and this presumption is one of the strongest known to the law." *Moses v. Commonwealth*, 27 Va. App. 293, 299 (1998), quoting from *Harrison v. Day*, 200 Va. 764, 770 (1959). Defendant's arguments, which are no more than an invitation to judicial activism, do not overcome this presumption. Section 18.2-361 does not violate the Virginia Constitution.

The underlying argument of the Defendant that rights of privacy implied by the various sections of the Constitution of Virginia should be expanded to include private freedom to perform sexual acts now deemed to be felonies is presented to the wrong branch of the government. It is the trial court's duty to construe existing law and to adjudicate disputes in light of that law. It is the legislature that is charged with the duty of changing existing law, and it is the citizens of this Commonwealth who have the authority to amend our

constitution. Although it may appear to some that by construction and interpretation the courts make law, that appearance is incorrect. The law exists, and in the orderly administration of justice and with the assistance of the doctrine of stare decisis, the Court finds or defines it. Activism and social change are legislative and not judicial functions.

Defendant's Motion to Dismiss is denied.