COURT OF APPEALS OF VIRGINIA


Present: Judges Humphreys, Clements and Senior Judge Coleman
Argued at Richmond, Virginia


JOSEPH CALVIN QUARLES

MEMORANDUM OPINION[*] BY
v.   Record No. 0943-00-2      JUDGE SAM W. COLEMAN III
                               FEBRUARY 13, 2001
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Thomas N. Nance, Judge

Andrea C. Long (Charles C. Cosby, Jr.; Boone,
Beale, Cosby & Long, on brief), for
appellant.

Eugene Murphy, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


Joseph Calvin Quarles was convicted in a bench trial of

possession of heroin and possession of a firearm while in

possession of heroin. He was sentenced to two years imprisonment,

suspended for ten years, on the possession offense and sentenced

to the mandatory five-year term of imprisonment for the firearm

offense. On appeal, Quarles challenges the conviction for

possession of a firearm while in possession of heroin, arguing

that Code § 18.2-308.4 is unconstitutional. He contends that the

statute fails to proscribe a punishment for possession of a

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

firearm while in simple possession of narcotics and that the penalty provisions of Code § 18.2-308.4 are ambiguous. We disagree and affirm.

## BACKGROUND

Quarles was approached by two police officers, who were on routine patrol. The officers approached Quarles after they observed him urinating in public. Before one of the officers had an opportunity to pat-down Quarles for weapons, Quarles informed the officer that he had a "burner" in his pocket. Quarles attempted to flee, but he was apprehended moments later. The officers searched Quarles and found a .22 caliber handgun and a folded dollar bill, which contained a tan, powdery substance that spilled when the bill was unfolded. The dollar bill tested positive for heroin residue. Quarles' appeal challenges the mandatory five-year sentence imposed under Code § 18.2-308.4.

## ANALYSIS

"When testing the constitutional validity of statutes, courts shall presume the statute to be valid." Gray v. Commonwealth, 30 Va. App. 725, 731, 519 S.E.2d 825, 828 (1999). "Consequently, the burden to show the constitutional defect is on the challenger." Id. at 732, 519 S.E.2d at 828.

> "Every act of the legislature is presumed to be constitutional, and the Constitution is to be given a liberal construction so as to sustain the enactment in question, if practicable." "When the constitutionality of an act is challenged, a heavy burden of

proof is thrust upon the party making the
challenge.  All laws are presumed to be
constitutional and this presumption is one
of the strongest known to the law."

Moses v. Commonwealth, 27 Va. App. 293, 298-99, 498 S.E.2d 451,
454 (1998) (citations omitted).  "The plain, obvious, and
rational meaning of a statute is always preferred to any
curious, narrow or strained construction; a statute should never
be construed so that it leads to absurd results."  Branch v.
Commonwealth, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1902).

Code § 18.2-308.4 provides in pertinent part:

> A.  It shall be unlawful for any person
> unlawfully in possession of a controlled
> substance . . . to simultaneously with
> knowledge and intent possess any firearm.
>
> B.  It shall be unlawful for any person
> to possess, use, or attempt to use any
> pistol, shotgun, rifle, or other firearm or
> display such weapon in a threatening manner
> while committing or attempting to commit the
> illegal manufacture, sale, distribution, or
> the possession with the intent to
> manufacture, sell, or distribute a
> controlled substance classified in Schedule
> I or Schedule II of the Drug Control Act
> . . . of Title 54.1 or more than one pound
> of marijuana.
>
> Violation of this section shall
> constitute a separate and distinct felony
> and any person convicted thereof shall be
> guilty of a Class 6 felony, shall not be
> eligible for probation, and shall be
> sentenced to a minimum, mandatory term of
> imprisonment of five years, which shall not
> be suspended in whole or in part.

Quarles contends that Code § 18.2-308.4 is unconstitutionally vague because it fails to proscribe a penalty for violation of Subsection A, that is, possession of a firearm while simultaneously possessing a controlled substance, and that to the extent the statute provides a penalty, it is ambiguous and confusing.  He takes the view that the only punishment provided for a violation of Code § 18.2-308.4 is contained in the third unlettered paragraph which, he argues, applies only to Subsection B.  We disagree.

To construe the statute as Quarles urges would have us attribute to the General Assembly the creation of a criminal offense without providing for any punishment for a violation of that offense, a result that is irrational and which we will not ascribe to the legislature.  We hold that the penalty provision of the statute proscribes the penalty for a violation of either Subsection A or B.  Thus, Code § 18.2-308.4(A) and the penalty provision, when read together, provide that possession of a controlled substance while simultaneously possessing a firearm is a Class 6 felony, requiring imposition of a mandatory five-year term of imprisonment for such a violation.

Both a rational reading of the statute and its legislative history support this construction.  Prior to the 1999 amendment of the statute, Code § 18.2-308.4 provided that a violation of Subsection A, possession of a controlled substance while

simultaneously possessing a firearm, was a Class 6 felony and that a violation of Subsection B, possession of a firearm while committing or attempting to commit the illegal manufacture, sale, distribution, or the possession with the intent to manufacture, sell, or distribute a controlled substance, was a separate and distinct felony punishable by a mandatory three-year term of imprisonment for the first offense and by a mandatory five-year term of imprisonment for a subsequent offense.  Thus, each subsection provided for a separate penalty for each separately defined offense.  However, when the legislature amended Code § 18.2-308.4 in 1999, it provided that a "[v]iolation of this section shall constitute" a Class 6 felony punishable by a mandatory five-year term of imprisonment. (Emphasis added).  Thus, the General Assembly declared, in effect, that possession of a firearm while simultaneously possessing a Schedule I or II controlled drug shall be a Class 6 felony with a mandatory minimum five-year term of imprisonment, the same as possessing or using a firearm while committing or attempting to commit the manufacture, sale, or distribution of a Schedule I or II controlled substance.  The 1999 amendment provided that regardless of the drug offense involved, possession of a firearm while simultaneously engaging in any of the enumerated drug offenses is a Class 6 felony subject to a mandatory five-year term of imprisonment.  Quarles' contention

that his five-year mandatory sentence is void because Code § 18.2-308.4 fails to provide a punishment for possession of a controlled substance while simultaneously possessing a firearm is without merit.

In addition, we hold that the statutorily mandated five-year term of imprisonment proscribed in Code § 18.2-308.4 is neither vague nor unconstitutional.

> Every person has a fundamental right to liberty in the sense that the Government may not punish him unless and until it proves his guilt beyond a reasonable doubt at a criminal trial conducted in accordance with the relevant constitutional guarantees. But a person who has been so convicted is eligible for, and the court may impose, whatever punishment is authorized by statute for his offense, so long as that penalty is not cruel and unusual, and so long as the penalty is not based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment.

Chapman v. United States, 500 U.S. 453, 465 (1991) (citations omitted); see also Rummel v. Estelle, 445 U.S. 263, 274 (1980) (acknowledging reluctance to review legislatively mandated terms of imprisonment). The legislature "has the power to define criminal punishments without giving the courts any sentencing discretion." Chapman, 500 U.S. at 467 (citing cases upholding mandatory minimum sentences for certain offenses). "A sentencing scheme providing for 'individualized sentences rests not on constitutional commands, but on public policy enacted into statutes.'" Id. (citation omitted).

Here, as we have held, the legislature provided a punishment for possession of a Schedule I or II controlled substance while simultaneously possessing a firearm. The legislature, in its 1999 amendment, classified possession of a controlled substance while simultaneously possessing a firearm and possessing or using a firearm while committing or attempting to commit any of several specified drug offenses as Class 6 felonies. In 1999, the legislature imposed a minimum mandatory sentence for a violation of either offense. By amending the statute to proscribe a mandatory minimum sentence for either violation of the statute, the legislature merely determined that it was removing from a trial court's discretion the power to sentence the defendant within a statutorily proscribed range of punishments. To do so is not vague or unconstitutional. We, therefore, uphold the punishment scheme for Code § 18.2-308.4.

Accordingly, we affirm the judgment of the trial court.

<u>Affirmed.</u>