## CIRCUIT COURT OF NELSON COUNTY

Commonwealth of Virginia

    v.

Walter Lee Cashwell, Jr.

September 15, 2004

Case No. CR04000257-00

BY JUDGE J. MICHAEL GAMBLE

The defendant has filed a motion for disclosure of a confidential informant. This motion is granted.

Under the agreed facts, the confidential informant called the defendant to arrange a drug purchase. At the time of the call, two Nelson County police officers were with the confidential informant. The Nelson County deputies arrested the defendant on Fletchers Lane in Nelson County after the arrangements were made by the confidential informant by telephone. Crack cocaine was found, and the defendant was arrested for the offense of possession of cocaine with the intent to distribute.

Normally the identity of an informant is confidential. *Gray v. Commonwealth*, 233 Va. 313, 328, 356 S.E.2d 157 (1987). However, an exception exists where the disclosure of the identity of an informant is helpful to the defense of the accused and essential to a fair determination of the case. *Roviaro v. United States*, 353 U.S. 53, 60-61, 1 L. Ed. 2d 639, 77 S. Ct. 623 (1957); *Hatcher v. Commonwealth*, 17 Va. App. 614, 616, 440 S.E.2d 416 (1994).

The Court of Appeals of Virginia has held that, where the informant is an actual participant, particularly where the informant helps set up the criminal occurrence, fundamental fairness dictates that the accused have access to the informant. *Keener v. Commonwealth*, 8 Va. App. 208, 213, 380 S.E.2d 21 (1989) (citing *McLawhorn v. State*, 484 F.2d 1, 5 (4th Cir. 1973)).

64

Under the facts of this case, the informant was an actual participant. By virtue of this participation, the informant could possibly testify on issues of entrapment or accommodation. This information may be essential to preparation of the defense. *Moses v. Commonwealth*, 27 Va. App. 293, 303, 498 S.E.2d 451 (1998).

Accordingly, I direct that the Commonwealth disclose the confidential informant by October 1, 2004.