COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, Alston and Senior Judge Willis
Argued at Richmond, Virginia


ARTHUR SHANNON SIZER

MEMORANDUM OPINION[*] BY
v.      Record No. 1465-09-2      JUDGE ROSSIE D. ALSTON, JR.
AUGUST 17, 2010

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CAROLINE COUNTY
Paul M. Peatross, Jr., Judge Designate

Robert E. Walker, Jr. (Robert E. Walker & Associates, P.C., on
brief), for appellant.

Joshua M. Didlake, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Arthur Shannon Sizer (appellant) appeals his sentence for three counts of distribution of

cocaine, in violation of Code § 18.2-248. Appellant contends the Commonwealth deprived him

of his due process rights by dishonoring a plea agreement and eliciting testimony at appellant's

sentencing hearing regarding charges that were *nolle prosequied* by the Commonwealth. For the

reasons that follow, we find no error, and we affirm appellant's sentence.

I. BACKGROUND

The facts leading to appellant's convictions are not in dispute. Therefore, this opinion

recites only those facts and incidents of the proceedings as are necessary to the parties'

understanding of this appeal.

On February 23, 2009, appellant pled guilty to three counts of distribution of cocaine, in

violation of Code § 18.2-248. Before the court entered appellant's guilty pleas, the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Commonwealth noted that it anticipated that appellant would plead guilty in exchange for the Commonwealth *nolle prosequing* two charges against appellant for conspiracy to distribute or possess with intent to distribute cocaine, in violation of Code § 18.2-256. However, the parties represented to the trial court that there was no written plea agreement nor was the Commonwealth providing a sentencing recommendation. Additionally, appellant indicated that no one had made him any promises concerning his pleas. The trial court accepted appellant's guilty pleas and upon hearing evidence from the Commonwealth found appellant guilty of the offenses.

Prior to sentencing, the trial court requested a presentence investigation report. The report listed appellant's indictments for conspiracy and noted that those charges were *nolle prosequied*. The report provided sentencing guidelines for appellant's cocaine convictions, recommending a total sentence between three years, nine months and six years, three months incarceration.

At appellant's sentencing hearing on May 26, 2009, the Commonwealth called Investigator T. Nutter (Nutter) to testify regarding the facts of the underlying cocaine convictions. Nutter stated that on three occasions, with the aid of at least one confidential informant, Nutter purchased a total of $350 worth of cocaine from appellant.

The Commonwealth asked Nutter whether he was "able to establish any known associations of [appellant] with illicit drug operations or markets." Appellant objected, arguing the Commonwealth failed to lay a foundation for Nutter's testimony regarding appellant's drug "associations." In direct response to appellant's objection, the Commonwealth laid a foundation by asking Nutter to describe *how* he determined that appellant was distributing cocaine. Nutter testified that he used thirteen confidential informants to obtain information against appellant. Appellant again objected, arguing the Commonwealth was improperly eliciting information

regarding behavior for which appellant was "not charged." Appellant also claimed that in discussing information provided by confidential informants through this witness, the Commonwealth was denying appellant the right to confront his accusers. The trial court overruled appellant's objection and allowed Nutter to testify.

Nutter then stated that all of the thirteen confidential informants with whom Nutter worked said appellant was associated with illicit drug operations and markets. Further, Nutter listed several co-defendants with whom appellant was engaged in buying and selling drugs. Moreover, Nutter stated that appellant was aware of the fact that these individuals were involved in an illicit drug operation. Nutter also described the drug transactions leading to appellant's arrest for the instant convictions. He stated that appellant was selling drugs out of his parents' home and that several co-defendants were present when these drug transactions occurred. Nutter also noted that in his investigation, he determined that appellant was purchasing "a half a kilo [of cocaine] every one to two weeks," starting "in the early part of 2008" and continuing until appellant's arrest on the instant charges. Finally, Nutter testified that based on his "interviews with informants and co-defendants," he determined that appellant was involved with "well over four hundred drug deals [ranging in value] from twenty dollars to twelve hundred dollars."

At the conclusion of the hearing, the trial court sentenced appellant to consecutive twenty-five year periods of incarceration for each of the three convictions, with a total of sixty-five years suspended; thus imposing ten years active incarceration.[1] In support of its sentence, the trial court stated,

> I am impressed by the number of deals and the drug activity that
> seemed to be ongoing out of your parents' house and that's
> troubling.

---

[1] The sentence imposed, although above the guideline range, was within the permissible range set by statute. See Code § 18.2-248(C) (setting permissible time of incarceration for distribution of cocaine at "not less than five nor more than forty years").

> It's above the guidelines because of the extent of the drug distribution that I've heard about and what the legislature's said an appropriate punishment for these offenses [is].

In a motion to stay the execution of appellant's sentence, appellant argued the trial court erred when it allowed Nutter to testify about "inadmissible, unreliable and uncorroborated allegations, supposition and hearsay statements regarding the conspiracy charge, a matter that was not before [the court]." The trial court denied appellant's motion, noting, "[Code §] 19.2-299(C) allows information of any known association of the defendant with illicit drug operations or markets on a felony drug offense. Hearsay evidence is permitted in sentencing hearings . . . ." This appeal followed.[2]

## II. ANALYSIS

Appellant contends the Commonwealth deprived him of his due process rights by dishonoring the parties' "plea agreement" and eliciting testimony regarding the *nolle prosequied* conspiracy charges, which resulted in an increased sentence.

Pursuant to Rule 3A:8(c)(1):

> The attorney for the Commonwealth and the attorney for the defendant . . . may engage in discussions with a view toward reaching an agreement that, upon entry by the defendant of a plea of guilty, or a plea of *nolo contendere*, to a charged offense, or to a lesser or related offense, the attorney for the Commonwealth will do any of the following:
>
> (A)     Move for *nolle prosequi* or dismissal of other charges;

---

[2] This Court denied appellant's petition for appeal on the issue of whether Nutter's hearsay testimony contained "an indicia of reliability," finding appellant failed to make a contemporaneous objection in the trial court pursuant to Rule 5A:18. Accordingly, we must accept the trial court's determination that the evidence bore some indicia of reliability. See Rule 5A:12(c) ("The provisions of Rule 5A:18 shall apply to limit those assignments of error which this Court will rule upon on appeal.").

(B) Make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding on the court;

(C) Agree that a specific sentence is the appropriate disposition of the case.

(Emphasis added).[3]

Despite appellant's contention that the parties had a "plea agreement," Rule 3A:8(c)(2) states,

If a plea agreement has been reached by the parties, *it shall, in every felony case, be reduced to writing*, signed by the attorney for the Commonwealth, the defendant, and, in every case, his attorney, if any, *and presented to the court*. The court shall require the disclosure of the agreement in open court or, upon a showing of good cause, *in camera*, at the time the plea is offered.

(Emphasis added). Appellant concedes that the agreement with the Commonwealth was neither reduced to writing nor presented to the trial court. Although the Commonwealth admitted at trial

---

[3] This provision of the Rules distinguishes between a plea agreement, or what is sometimes referred to as a "charge agreement," and a plea and recommendation, or what may be referred to as a "sentencing agreement." Rule 3A:8(c)(2) provides, in pertinent part,

If the agreement is of the type specified in subdivision (c) (1) (A) or (C), the court may accept or reject the agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider a presentence report. If the agreement is of the type specified in subdivision (c) (1) (B), the court shall advise the defendant that, if the court does not accept the recommendation or request, the defendant nevertheless has no right to withdraw his plea, unless the Commonwealth fails to perform its part of the agreement.

Thus, under Rule 3A:8(c)(1)(B), the parties provide only a recommendation to the court. If the Commonwealth complies with the agreement by making the recommendation, the court's non-acceptance of the recommendation is not a rejection of the plea agreement. Holler v. Commonwealth, 220 Va. 961, 968, 265 S.E.2d 715, 719 (1980). In contrast, agreements reached pursuant to Rule 3A:8(c)(1)(A) and (C) constitute "dispositional plea agreements" or "charge agreements," by which terms the court must accept or the defendant is entitled to withdraw his guilty plea. Smith v. Commonwealth, 17 Va. App. 162, 164, 435 S.E.2d 586, 588 (1993).

and on appeal that it *nolle prosequied* the conspiracy charges in exchange for appellant's guilty pleas to the distribution charges, the trial court never became signatory to and therefore bound by any agreement reached by appellant and the Commonwealth. See Commonwealth v. Sandy, 257 Va. 87, 91, 509 S.E.2d 492, 494 (1999) (finding "[Rule 3A:8] requires that the circuit court approve the plea agreement").

Further, assuming the parties had an agreement, appellant has presented no evidence of the agreement's terms. "[I]t is axiomatic that an appellate court's review of the case is limited to the record on appeal." Wolfe v. Commonwealth, 6 Va. App. 640, 643, 371 S.E.2d 314, 316 (1988) (quoting Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986)). "The burden is upon the appellant to provide us with a record which substantiates the claim of error." Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991).

Appellant contends the Commonwealth violated the agreement by presenting evidence relating to the *nolle prosequied* charges; however, there is no evidence that the Commonwealth agreed not to elicit testimony regarding appellant's drug associations at sentencing. In fact, we have no record of the agreement at all. Thus, appellant has not presented us with a record upon which we can determine that the Commonwealth was under an obligation, by virtue of an agreement with appellant, to limit its evidence at sentencing. Accordingly, we have no evidence upon which to find the Commonwealth "dishonor[ed] their plea agreement."

Moreover, aside from any putative agreement of the parties, "[d]ecisions on the admissibility of evidence lie within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of discretion." Mitchell v. Commonwealth, 25 Va. App. 81, 84, 486 S.E.2d 551, 552 (1997).

> A sentencing judge may consider hearsay contained in a probation report. He may rely upon a defendant's criminal record. He may

consider prior juvenile adjudications, dismissed juvenile charges and pending charges, charges for which the accused has been indicted, but not convicted, offenses for which the defendant has been convicted but not sentenced, convictions on appeal, and *evidence of unadjudicated criminal activity* . . . .

Thomas v. Commonwealth, 18 Va. App. 656, 659, 446 S.E.2d 469, 471 (1994) (*en banc*) (emphasis added) (citations omitted); accord Wolfe v. Commonwealth, 37 Va. App. 136, 142, 554 S.E.2d 695, 698 (2001). Because a "sentencing hearing before a judge is not a criminal trial," Smith v. Commonwealth, 52 Va. App. 26, 30, 660 S.E.2d 691, 693 (2008), the only real limitation on evidence is that the "information bear some indicia of reliability." Moses v. Commonwealth, 27 Va. App. 293, 302, 498 S.E.2d 451, 456 (1998).[4]

Code § 19.2-299(C) states, "As part of any presentence investigation[,] . . . when the offense for which the defendant was convicted was a felony drug offense, . . . the presentence report shall include any known association of the defendant with illicit drug operations or markets." This Court has previously upheld Code § 19.2-299 in the face of a due process challenge. See Moses, 27 Va. App. at 297, 498 S.E.2d at 453. Upholding the statute in Moses, the Court found that "'most of the information now relied upon by judges to guide them in the intelligent imposition of sentences would be unavailable if information were restricted to that given in open court by witnesses subject to cross-examination.'" Id. at 301, 498 S.E.2d at 455 (quoting Williams v. New York, 337 U.S. 241, 250 (1949)).[5] So long as the information bears

---

[4] As noted above, appellant did not object to the reliability of the information; therefore, that issue is not before us on appeal. See Rule 5A:18; Rule 5A:12.

[5] Although appellant argued at trial that he was denied his right to confront his accusers, the question presented to this Court on appeal was only whether appellant's *due process rights* were violated. In any event, the Sixth Amendment issue is clearly resolved by Moses. In a challenge to Code § 19.2-299, the defendant in Moses contended, "the [trial] court should have required the probation department to reveal the identity of its unnamed sources." Moses, 27 Va. App. at 297, 498 S.E.2d at 453. This Court held, "application of the Confrontation Clause to the post-trial sentencing proceedings is inappropriate." Id. at 301, 498 S.E.2d at 455. Further,

"some indicia of reliability," id. at 302, 498 S.E.2d at 456, the trial court may consider hearsay, including "evidence of unadjudicated criminal activity," Thomas, 18 Va. App. at 659, 446 S.E.2d at 471.

Accordingly, the trial court did not err in admitting Nutter's testimony regarding appellant's drug "associations," as that evidence is permissible under Code § 19.2-299(C). Further, appellant has presented no evidence of a plea agreement or any agreement with the Commonwealth that would limit the Commonwealth's evidence at sentencing. Thus, we find no merit in appellant's contention that his due process rights were violated through admission of Nutter's testimony.

## III. CONCLUSION

For these reasons, we find no error, and we affirm appellant's sentence.

Affirmed.

---

the defendant "was still free to cross-examine . . . the police officers who gathered statements from the unnamed sources." Id. at 301 n.3, 498 S.E.2d at 455 n.3.