COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges Russell,* Ortiz and Raphael
Argued at Richmond, Virginia


TREVELL MAURICE SAUL

MEMORANDUM OPINION** BY
v.      Record No. 0636-21-2      JUDGE STUART A. RAPHAEL
JULY 5, 2022

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF LANCASTER COUNTY
R. Michael McKenney, Judge

David B. Hargett (Hargett Law, PLC, on brief), for appellant.

Leanna C. Minix, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Appellant Trevell Maurice Saul challenges the admission of a police report at his

probation-revocation hearing as a violation of his confrontation rights under the Due Process

Clause of the Fourteenth Amendment.  He argues that, because the witnesses referenced in that

police report recanted their statements to the police, the report is inherently unreliable and should

have been excluded.  Because the trial court did not err in finding the police report reliable

enough to warrant its admission into evidence, we affirm.

BACKGROUND

In 2008, the trial court convicted Saul of three drug-related offenses and imposed a

sentence of five years on each conviction.  The court suspended all but two years of that

---

* Justice Russell participated in the hearing and decision of this case prior to his investiture
as a Justice of the Supreme Court of Virginia.

** Pursuant to Code § 17.1-413, this opinion is not designated for publication.

sentence, conditioned on both good behavior for twenty years and supervised probation for three years following Saul's release from prison.

In April 2021, the trial court entered an order to show cause why Saul's suspended sentence should not be revoked for violating the good-behavior condition. Before the revocation hearing, the Commonwealth filed a "Notice of Intention to Introduce Evidence of Defendant's Bad Acts," detailing the evidence the Commonwealth planned to introduce at the hearing. The notice identified eight categories of prior bad acts, including evidence that, in 2019, Saul broke into the residence of Latoya Sydnor and assaulted Angel Bromley (the mother of Saul's child) and Lakia Bromley (Latoya's sister). A detective obtained verbal and written statements from the three women. The report also noted physical signs of assault on Angel Bromley. The report included two photographs of the victims and descriptions of what the detective saw and how the investigation proceeded. After Saul was charged, however, the three women recanted their statements and the Commonwealth nolle prossed the charges.

At the revocation hearing, over Saul's objection, the trial court admitted the police report and the photographs into evidence but did not permit the admission of the witnesses' statements. The court considered the trial brief and argument of counsel that the report should be excluded under *Henderson v. Commonwealth*, 285 Va. 318 (2013). But the court found the report admissible (except for the witness's statements) under *Henderson's* "reliability test."

Other evidence introduced at the revocation hearing included various federal and state firearms charges against Saul. In particular, the United States District Court for the Eastern District of Virginia convicted Saul in 2016 of illegally transferring firearms, in violation of 18 U.S.C. § 922(d), imposing a sixty-month sentence. In admitting that conviction over Saul's objection, the trial court explained that the conviction was a "significant item because the conviction itself is the violation of [the] good behavior" condition.

Finding that Saul violated the terms of his probation, the court stated, "Mr. Saul, you're in violation because of your conviction." The trial court was also disturbed by Saul's other gun charges, despite that most were nolle prossed. The court revoked Saul's previously suspended sentences and re-suspended part of the sentence, leaving Saul with an active sentence of seven years and nine months of incarceration.

On appeal, Saul challenges only the admission of the police report concerning the 2019 incident with the Bromley women.

ANALYSIS

"[W]hether a defendant's due process rights are violated by the admission of evidence is a question of law, to which we apply a de novo standard of review." *Johnson v. Commonwealth*, 296 Va. 266, 274 (2018) (quoting *Henderson*, 285 Va. at 329). "We 'view the evidence received at [a] revocation hearing in the light most favorable to the Commonwealth, as the prevailing party, including all reasonable and legitimate inferences that may properly be drawn from it.'" *Id.* (quoting *Henderson*, 285 Va. at 329).

"We review whether the admission of evidence violated the right of confrontation and 'whether a particular category of proffered evidence is testimonial hearsay' *de novo*, but 'we do not substitute our judgment for that of the trial court' in considering discretionary matters." *Logan v. Commonwealth*, 71 Va. App. 568, 574 (citation omitted) (first quoting *Cody v. Commonwealth*, 68 Va. App. 638, 658 (2018); then quoting *Carter v. Commonwealth*, 293 Va. 537, 543 (2017)), *aff'd on reh'g en banc*, 72 Va. App. 309 (2020). "Regarding discretionary matters, 'we consider only whether the record fairly supports the trial court's action.'" *Id.* (quoting *Carter*, 293 Va. at 543). "[I]n conducting our *de novo* analysis, this Court 'is bound by the trial court's findings of historical fact unless "plainly wrong" or without evidence to support

them.'" *Cody*, 68 Va. App. at 656 (quoting *McGee v. Commonwealth*, 25 Va. App. 193, 198 (1997) (en banc)).

Because a probation-revocation proceeding, like parole revocation, occurs "after a criminal prosecution has ended in a conviction," the defendant "is not entitled to the 'full panoply' of constitutional rights to which he was entitled at trial." *Henderson*, 285 Va. at 325 (quoting *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972)). The Sixth Amendment right to confrontation is "a *trial* right." *Moses v. Commonwealth*, 27 Va. App. 293, 300 (1998) (quoting *Pennsylvania v. Ritchie*, 480 U.S. 39, 52 (1987)). So applying the Confrontation Clause to post-trial proceedings "is inappropriate." *Jenkins v. Commonwealth*, 71 Va. App. 334, 343 (2019) (quoting *Moses*, 27 Va. App. at 301).

Even so, "a defendant has a limited right of confrontation in criminal sentencing and any subsequent revocation proceedings under the Due Process Clause." *Id.* Hearsay is "frequently admitted in revocation hearings," but where it is "testimonial in nature," it is "subject to the limited confrontation right provided by the Fourteenth Amendment" and "may be admitted only when 'the hearing officer specifically finds good cause for not allowing confrontation.'" *Henderson*, 285 Va. at 326 (quoting *Morrisey*, 408 U.S. at 489).

*Henderson* recognized two tests for determining good cause for admitting such hearsay: the "reliability test" and the "balancing test." *Id.* at 327. The reliability test "permits admission of testimonial hearsay in revocation proceedings if it possesses substantial guarantees of trustworthiness." *Id.* Such guarantees include:

> (1) detailed police reports (as opposed to mere summaries of such reports by probation officers), (2) affidavits or other hearsay given under oath, (3) statements by the probationer that directly or circumstantially corroborate the accusations, (4) corroboration of accusers' hearsay by third parties or physical evidence, (5) statements that fall within a well-established exception to the hearsay rule, (6) evidence of substantial similarities between past offenses and the new accusations that bolsters the accuser's

credibility, and (7) a probationer's failure to offer contradictory evidence.

*Id.* (citing *Crawford v. Jackson*, 323 F.3d 123, 130 (D.C. Cir. 2003)). The balancing test, by contrast, "requires the court to weigh the interests of the defendant in cross-examining his accusers against the interests of the prosecution in denying confrontation." *Id.* at 327-28.

Saul argued that, under *Henderson's* "reliability test," the witnesses' recantations undermined the reliability of their statements to the officers, which in turn undermined the reliability of the contested police report. Thus, he argued, the guarantee of trustworthiness of a "detailed police report" should not apply here.

In applying the reliability test, the trial court partially agreed with Saul's argument, excluding the witnesses' statements but allowing the report itself as a "detailed police report." The court also allowed the photographs from the report because they "can't be recanted, they are what . . . the officer saw." Thus the court found that the admitted portions of the police report were reliable.

Reviewing the due process challenge *de novo*, we find no error in the trial court's analysis. The exhibit is a first-hand account from the investigating officer of what he saw and did in making his investigation, and not a "mere summar[y] of such reports by probation officers." *Henderson*, 285 Va. at 327. The report, separate from the witnesses' statements, contains many details. The officer noted that there was a hole in the sheet rock and a screen door was damaged where Saul had reportedly scuffled with the Bromley women. That was corroborated by photographs of the screen door and an interior wall. The officer also recorded the injuries he observed on the women's bodies, including such detail as "2 scratches above [one victim's] right breast and a welp with a scratch on her forehead." Again, these observations were corroborated by photographs of the injuries. The report is "quite detailed," providing adequate "indicia of reliability." *See Crawford*, 323 F.3d at 130. The photographs included with the

- 5 -

report also provide "internal corroboration" of the reported events. *See id.* As a "detailed police report," the report and its photographs satisfy the "reliability test" in *Henderson*. 285 Va. at 327; *see also Saunders v. Commonwealth*, 62 Va. App. 793, 809-10 (2014) ("Evidence consisting of 'a report from one social worker, a government official, to another' is evidence of reliability and possesses 'substantial guarantees of trustworthiness.'" (quoting *Henderson*, 285 Va. at 327)).

Because we find that the police report satisfies the reliability test, we need not reach whether the report was also admissible under the balancing test. As *Henderson* made clear, the trial court "may apply *either* test, as may be most appropriate in the circumstances." 285 Va. at 328 (emphasis added); *id*. at 331-32 (Lacy, S.J., concurring) (agreeing that a trial court may apply "either a reliability test or a balancing test"). Resolving this appeal based on the reliability test is thus "the best and narrowest grounds" for the decision. *Esposito v. Va. State Police*, 74 Va. App. 130, 134 (2022).

Finally, like the defendant in *Crawford*, Saul "failed to show any prejudice" from his inability to cross-examine the investigating officer who authored the report. 323 F.3d at 131. Indeed, it does not appear that the trial court even relied on the police report in revoking Saul's suspended sentence. The court said that it found Saul in violation of his probation because of his conviction for the federal firearms offense, evidence introduced at the revocation hearing without objection from Saul.

## CONCLUSION

We find no reversible error in the trial court's decision to admit the police report, and the trial court, therefore, did not err in revoking Saul's previously suspended sentence and re-suspending part of his sentence.

*Affirmed.*