COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Bumgardner and Agee
Argued at Salem, Virginia


JASON SANDERS WOLFE
                                          OPINION BY
v.    Record No. 1714-00-3      JUDGE JERE M. H. WILLIS, JR.
                                     NOVEMBER 13, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF WYTHE COUNTY
                  J. Colin Campbell, Judge

          David S. Saliba (Laura E. Wilson; Saliba &
          Co., P.C., on briefs), for appellant.

          Virginia B. Theisen, Assistant Attorney
          General (Randolph A. Beales, Acting Attorney
          General, on brief), for appellee.


     Upon his guilty plea, Jason Sanders Wolfe was convicted of

first-degree murder, in violation of Code § 18.2-32.  On appeal,

he contends that the trial court erred at sentencing (1) in

considering the portions of the pre-sentence report and

probation officer's testimony containing extra-judicial

statements made by his wife, (2) in admitting evidence of

unadjudicated criminal conduct based on hearsay that had no

indicia of reliability, and (3) in admitting the pre-sentence

report into evidence.  For the following reasons, we affirm the

judgment of the trial court.

## I.   BACKGROUND

On April 11, 2000, Wolfe pled guilty to first-degree murder.  The trial court ordered a pre-sentence report and set sentencing for June 27, 2000.

At the beginning of the sentencing hearing, Wolfe moved to prohibit the Commonwealth from introducing a portion of the pre-sentence report regarding a charge that he had made a threatening telephone call.  He argued that this charge had been dismissed and, therefore, was irrelevant to his criminal history and his background and should not be considered.

The trial court ruled:

> I'm going to deny your motion.  The Court
> finds that it's part of the history of the
> defendant and it's a proper subject to be
> recorded in the presentence report.  What
> weight the Court gives it is a matter for
> the Court to consider, but I will not remove
> it.

Next, Wolfe moved to prohibit the Commonwealth from introducing evidence of statements made by Christy Terry, his wife, on the ground that those statements were barred by Code § 19.2-271.2.

The trial court denied Wolfe's motion, ruling:

> [Ms. Terry's] statements were in essence
> published.  They were made public by her
> before the marriage. . . . [T]hey were made
> at a time when she was seeking a protective
> order on the grounds that she feared for her
> lift [sic], and I think that coupled with
> the fact that this is not an evidentiary
> trial on her statements, but this is a
> presentence report giving a history, I don't

-

think [Code § 19.2-271.2] applies and I deny
your motion.

Over Wolfe's objection, the probation officer testified
that, in 1997, Wolfe threatened a fellow employee at Heilig
Meyers with a box-cutter.  The probation officer testified that
she had spoken to Captain Dunagan of the sheriff's office, who
had investigated this incident, but had not spoken to the victim
or to any witness.  She included information about the incident
in the pre-sentence report.

The probation officer further testified concerning a
threatening telephone call made by Wolfe to a former girlfriend,
Angela Phillips.  The probation officer testified that she
discovered in the juvenile and domestic relations district court
records a criminal complaint that contained the details of the
threatening call.  She testified, however, that she had not
spoken directly with Phillips.  She included in the pre-sentence
report information that she had obtained from the criminal
complaint concerning this incident.

The probation officer further testified that, in 1999,
prior to her marriage to Wolfe, Ms. Terry filed a motion for a
protective order against him.  In the motion, Ms. Terry claimed
that Wolfe had choked, kicked, and pushed her, put holes in the
walls of their apartment, held a cigarette to her ear, and
threatened to kill her and any man with whom he caught her.  The
probation officer testified that she acquired this information

-

by speaking with Captain Dunagan of the sheriff's department, reviewing a taped interview conducted by an officer, and reviewing court records.  She included information concerning the protective order in the pre-sentence report.

In imposing sentence, the trial court noted that it had considered the pre-sentence report and listened to the testimony of all the witnesses.  The trial court noted, in mitigation, that Wolfe had an "uneventful" criminal history.  However, it also noted that "[Wolfe] had a history of [an] explosive, uncontrolled temper which probably would never have manifested itself if he hadn't been abusing alcohol and drugs."  The trial court sentenced Wolfe to forty years confinement, with twelve years, one month suspended.

## II.  MARITAL PRIVILEGE

Wolfe first contends that the trial court erred in considering the portions of the pre-sentence report and the probation officer's testimony relating extrajudicial statements made by Christy Terry, his wife.  He argues that Code § 19.2-271.2, the marital privilege statute, prohibits the Commonwealth from introducing such evidence.

Code § 19.2-271.2 provides:

> In criminal cases husband and wife shall be allowed, and, subject to the rules of evidence governing other witnesses and subject to the exception stated in § 8.01-398, may be compelled to testify in behalf of each other, but neither shall be compelled to be called as a witness against

-

the other, except (i) in the case of a prosecution for an offense committed by one against the other or against a minor child of either, (ii) in any case where either is charged with forgery of the name of the other or uttering or attempting to utter a writing bearing the allegedly forged signature of the other or (iii) in any proceeding relating to a violation of the laws pertaining to criminal sexual assault (§§ 18.2-61 through 18.2-67.10), crimes against nature (§ 18.2-361) involving a minor as a victim and provided the defendant and the victim are not married to each other, incest (§ 18.2-366), or abuse of children (§§ 18.2-370 through 18.2-371). The failure of either husband or wife to testify, however, shall create no presumption against the accused, nor be the subject of any comment before the court or jury by any attorney.

In the prosecution for a criminal offense as set forth in (i), (ii) or (iii) above, each shall be a competent witness except as to privileged communications.

In Cairns v. Commonwealth, 35 Va. App. 1, 542 S.E.2d 771 (2001), we said that "[Code 19.2-271.2] pertains specifically to testimony in criminal cases." Id. at 10, 542 S.E.2d at 775. Ms. Terry's statements were not given as testimony in a criminal case, but were made during the investigatory stages of a separate crime. She was not compelled to testify against Wolfe, and, in fact, did not testify. Code § 19.2-271.2 does not apply to a report of her earlier extra-judicial statements. See Livingston v. Commonwealth, 21 Va. App. 621, 628, 466 S.E.2d 757, 760 (1996) (statute does not pertain to information given during pretrial investigations). See also Burns v.

-

Commonwealth, 261 Va. 307, 332-33, 541 S.E.2d 872, 889-90 (2001) (setting forth a similar ruling with respect to Code § 8.01-398(A) pertaining to confidential spousal communications).

Furthermore, "while preserving in the 'witness spouse . . . the privilege' to avoid compelled testimony," Code § 19.2-271.2 affords a defendant on trial no right to object to his spouse's voluntary testimony. See Turner v. Commonwealth, 33 Va. App. 88, 95, 531 S.E.2d 619, 622 (2000).[1] Ms. Terry's statements were in no sense compelled, but were made voluntarily.

Accordingly, the trial court did not err in considering the portions of the pre-sentence report and the probation officer's testimony relating statements made by Ms. Terry.

### III. UNADJUDICATED CRIMINAL CONDUCT

Next, Wolfe contends that the trial court erred at sentencing in admitting evidence of unadjudicated criminal conduct. He argues that the report of his prior conduct,

---

[1] Former Code § 19.2-271.2 provided:

> In criminal cases . . . neither [husband nor wife] shall be compelled, nor, without the consent of the other, allowed, to be called as a witness against the other . . . .

The 1996 amendment eliminated the underlined language. See 1996 Acts of Assembly, Ch. 423.

-

included in the pre-sentence report, was based on hearsay that bore no indicia of reliability.

We have held that a trial judge

> may rely upon a defendant's criminal record. He may consider prior juvenile adjudications, dismissed juvenile charges and pending charges, charges for which the accused has been indicted, but not convicted, offenses for which the defendant has been convicted, but not sentenced, convictions on appeal, and evidence of unadjudicated criminal activity. . . .

Thomas v. Commonwealth, 18 Va. App. 656, 659, 446 S.E.2d 469, 471 (1994) (en banc) (citations omitted).  In holding that a trial court may consider a pre-sentence report containing hearsay and evidence of unadjudicated crimes without offending the due process guarantee, the Supreme Court has stated that "most of the information now relied upon by judges to guide them in the intelligent imposition of sentences would be unavailable if information were restricted to that given in open court by witnesses subject to cross-examination."  Williams v. New York, 337 U.S. 241, 250 (1949).

"In the sentencing phase of a case, the trial court may rely upon hearsay testimony."  Alger v. Commonwealth, 19 Va. App. 252, 258, 450 S.E.2d 765, 768 (1994).  "The information relied upon by the court must, however, have some indicia of reliability."  Id.

-

## A.  BOX-CUTTER INCIDENT

We find no error in the trial court's admitting evidence that on a prior occasion Wolfe held a box-cutter to a co-worker's throat.  The probation officer learned of this from Captain Dunagan of the sheriff's department, who had investigated the co-worker's complaint.  The probation officer reported that the victim had not pressed charges because he was frightened.  Wolfe was fired after this incident.  These circumstances provide the requisite "indicia of reliability." Therefore, this evidence was properly admitted.

## B.  THREATENING PHONE CALL

We find no error in the trial court's admitting evidence that Wolfe made a threatening phone call to his former girlfriend, Angela Phillips.  According to the probation officer's testimony, this call was the subject of a criminal complaint filed in the juvenile and domestic relations district court.  The pre-sentence report recited that the court took this accusation under advisement for one year and eventually dismissed it.  Moreover, Wolfe acknowledged that Ms. Phillips had sworn an affidavit charging that he had threatened to kill her and anyone she was dating.  This evidence bears the requisite "indicia of reliability" and, therefore, was properly admitted.

C.  <u>MOTION FOR PROTECTIVE ORDER</u>

We find no error in the trial court's admitting into evidence the portion of the pre-sentence report and the probation officer's testimony concerning prior conduct between Wolfe and Ms. Terry.  The probation officer testified that she had reviewed a taped interview of Ms. Terry by Captain Dunagan, in which Ms. Terry stated that Wolfe had choked, kicked and pushed her, put holes in the walls of their apartment, held a cigarette to her ear, and threatened to kill her and any man with whom he caught her.  The probation officer testified that she had also reviewed a protective order that was issued because of these allegations.  This evidence bears the requisite "indicia of reliability" and, therefore, was properly admitted.

IV.  <u>PRE-SENTENCE REPORT</u>

Finally, Wolfe contends that the trial court should have excluded the pre-sentence report "in its entirety."  However, because Wolfe failed to move the trial court to exclude the entire report, Rule 5A:18 bars our consideration of this issue. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court."  <u>Ohree v. Commonwealth</u>, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998); <u>see</u> Rule 5A:18.  The record reflects no reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.[2]

---

[2] Code § 19.2-299 requires that the report on Wolfe's criminal history "shall be filed as a part of the record."  <u>Id.</u>

-

The judgment of the trial court is affirmed.

<u>Affirmed.</u>
