COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Decker, Judges Humphreys and Russell
Argued at Leesburg, Virginia

**PUBLISHED**

TORRANCE JUAREZ JENKINS

OPINION BY
v.      Record No. 1428-18-4        CHIEF JUDGE MARLA GRAFF DECKER
                                    DECEMBER 17, 2019
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF STAFFORD COUNTY
Michael E. Levy, Judge

Cole Dadswell, Assistant Public Defender, for appellant.

Liam A. Curry, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Torrance Juarez Jenkins appeals a ruling of the circuit court revoking his suspended

sentence for two theft offenses.[1]  He contends that the trial court violated his due process rights

by admitting testimonial hearsay contained in a report.  We hold that the court's admission of the

report for sentencing purposes in the instant proceeding was not error.  Consequently, we affirm

the revocation of the suspended portion of the appellant's sentence.

## I.  BACKGROUND[2]

The appellant was convicted in 2003 for obtaining money by false pretenses and uttering

a forged check, in violation of Code §§ 18.2-172 and -178.  He was sentenced to a total of twenty

---

[1] The circuit court rendered separate sentences for these offenses but imposed the same terms and conditions on both suspensions and treated the sentences as unitary in all subsequent proceedings.  As a result, this opinion refers to the appellant's suspended sentences as a single unit.

[2] On appeal of the revocation of a suspended sentence, the appellate court reviews the evidence in the light most favorable to the Commonwealth, the party who prevailed below. Jacobs v. Commonwealth, 61 Va. App. 529, 535 (2013).

years in prison with fourteen years suspended. The suspension was conditioned, among other things, on twenty years of good behavior and an indefinite period of supervised probation. In 2010, 2014, and 2018, the appellant was found to have violated the terms and conditions of his suspended sentence. It is from the 2018 violation that he appeals, and he challenges the admission of evidence from the 2010 proceeding in the 2018 revocation hearing.

A. The 2010 Revocation Proceeding

In a 2009 letter, Susan Sokol, a senior probation officer for District 21 in Fredericksburg, notified the Commonwealth's Attorney that she sought the issuance of a show cause order against the appellant for violating his probation. In her 2009 letter and a 2010 addendum (collectively the 2010 report), Sokol notified the court that the appellant violated his probation in three different ways.

First, the appellant tested positive for cocaine use in April 2009, and he admitted having used the drug four days earlier. Second, the appellant absconded from supervision. Sokol reported that after his April 2009 visit to the District 21 probation office, she worked with District 32 to make a home contact at the address that the appellant had provided for himself in Henrico County. Sokol detailed some of the specific efforts that she personally took to try to reach him, as well as "notice" provided by District 32 "that they attempted a[] home contact" in July 2009 and were told by the appellant's aunt that he no longer lived there. Sokol then checked the local hospital, as well as the Virginia jails, and determined that his "whereabouts [were] unknown." Sokol concluded that the appellant had violated the condition of his suspended sentence that he could "not abscond from supervision" and would be "considered an absconder when [his] whereabouts [were] no longer known to [his] supervising officer." Third, Sokol related that the appellant had been arrested on new misdemeanor charges. The existence of these new charges was confirmed by the appellant's criminal history record.

In the 2010 revocation proceeding, the appellant "pleaded guilty" to "having violated the terms and conditions of . . . [the] suspension." The court accepted the appellant's acknowledgment of guilt. After receiving evidence and hearing argument, it revoked his previously suspended fourteen-year sentence and resuspended thirteen years, giving him a year to serve.

## B. The 2014 Revocation Proceeding

In 2014, the court held a second revocation proceeding based on a new violation. After hearing evidence and argument, the court found that the appellant had again violated the terms of his suspended sentence. It revoked his previously suspended thirteen-year sentence, imposed one year, and resuspended the remaining twelve years.

## C. The 2018 Revocation Proceeding

The court held a third revocation hearing in 2018. The appellant "conced[ed] the violation," and the court accepted his "plea." The prosecutor then offered, specifically as "evidence . . . on the issue of *sentence*," the appellant's criminal history report and his 2010 probation violation report.[3] (Emphasis added). The appellant objected to the admission of the report on testimonial hearsay grounds. He also argued that considering the 2010 report again in the 2018 proceeding would constitute inappropriately "holding the same behavior against him on multiple occasions."

The court admitted the 2010 report. It did so based in part on a finding that the appellant's acknowledgment of guilt in 2010 amounted to a "concession of [the report's] reliability." The judge noted that he would not "sentenc[e] the [appellant] again for the previous violations." He specifically mentioned that one of the allegations in the 2010 report was

---

[3] The Commonwealth also offered the appellant's 2014 probation violation report, but the court did not admit it because the order did not "ma[k]e clear" whether the appellant "contested" the matter or "conce[ded]" the violation.

absconding and "that[ was] one of the violations [in the 2018] case as well." However, he assured the appellant that he merely "want[ed] to see whether the behavior indicated [was] the same, better, [or] worse" and that he would consider the prior violations only "in the sense that they accumulate."

The court then heard argument from the parties regarding sentencing, which included general comments about the appellant's recidivism. After argument, the court noted the appellant's criminal history of almost thirty years and imposed the four years recommended by "[t]he guidelines . . . for this case, not for the previous violations." Clarifying the ruling, the court revoked the twelve years remaining on the appellant's sentence, imposed four years, and resuspended the remaining eight years. It imposed the same terms and conditions on the suspended sentence, except that it removed the condition of probation.

## II. ANALYSIS

The appellant argues that the admission of the 2010 report in the 2018 proceeding was error. He asserts that although a defendant is entitled to less protection against the admission of testimonial hearsay at a revocation hearing than at a trial, he should nevertheless have been allowed some degree of confrontation. He suggests that the fact that he conceded at the 2010 hearing that he had violated the conditions of his suspended sentence, standing alone, was inadequate to establish the degree of reliability required to admit the 2010 report in the 2018 proceeding over his objection.

### A. Standard of Review on Appeal

An appellate court reviews evidence relevant to an admissibility issue "in the light most favorable to the Commonwealth, as the prevailing party, including all reasonable and legitimate inferences that may properly be drawn from it." Henderson v. Commonwealth, 285 Va. 318, 329 (2013). Generally, the proponent of evidence bears the burden of demonstrating its admissibility

in the trial court.  Holloman v. Commonwealth, 65 Va. App. 147, 168 (2015).  On appeal, a determination regarding the relevance and admissibility of evidence is ordinarily reviewed for an abuse of discretion.  Henderson, 285 Va. at 329.  However, in evaluating the admission of an out-of-court statement for a constitutional due process challenge, we "accept[] the historical facts" and "apply a de novo review" to determine whether the record supports admitting the challenged evidence as a matter of law.  Id.  It is under these legal principles that we review the appellant's challenge to the admissibility of the 2010 report.

B.  Standard for Assessing Admissibility of Challenged Hearsay Evidence

A defendant in the guilt phase of a criminal trial is entitled to a host of constitutional rights, including the right under the Sixth Amendment of the United States Constitution to be confronted by the witnesses against him.  See id. at 325; Moses v. Commonwealth, 27 Va. App. 293, 300 (1998) (recognizing that "the right to confrontation is a *trial* right" (quoting Pennsylvania v. Ritchie, 480 U.S. 39, 52 (1987))).  However, once a "criminal prosecution has ended in a conviction," the defendant "is not entitled to the 'full panoply' of constitutional rights to which he was entitled at trial."  Henderson, 285 Va. at 325 (quoting Morrissey v. Brewer, 408 U.S. 471, 480 (1972)).  Consequently, "application of the Confrontation Clause to . . . post-trial . . . proceedings is inappropriate."  Moses, 27 Va. App. at 301 (sentencing); see Henderson, 285 Va. at 325-26 (revocation).

Nevertheless, a defendant has a limited right of confrontation in criminal sentencing and any subsequent revocation proceedings under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  See Henderson, 285 Va. at 325-26 (revocation); Moses, 27 Va. App. at 301 (sentencing).  The rules of evidence are not "'strictly applied'" in such proceedings, and hearsay is "frequently admitted."  Henderson, 285 Va. at 326 (revocation)

(quoting United States v. Doswell, 670 F.3d 526, 530 (4th Cir. 2012)); see McCullough v. Commonwealth, 38 Va. App. 811, 816 (2002) (sentencing).

The appellant argues that the Fourteenth Amendment due process principles governing the admissibility of hearsay in criminal sentencing proceedings are the same as those governing the admissibility of hearsay in all stages of revocation proceedings. Although the overarching due process principles may be the same, the Court has previously rejected this attempt to equate the principles applicable in criminal sentencing proceedings with those applicable in the "assessment of wrongdoing" portion of revocation proceedings. See, e.g., Blunt v. Commonwealth, 62 Va. App. 1, 9-11 (2013).[4]

The due process standards applicable in these two types of proceedings differ. To be admissible at criminal sentencing, Virginia case law provides that hearsay evidence must be shown to "bear some indicia of reliability." Id. at 9 (quoting Moses, 27 Va. App. at 302). When a court determines whether a defendant has violated the conditions of the suspension of his sentence, by contrast, Virginia law provides heightened protection against hearsay that is testimonial in nature, i.e., hearsay evidence prepared with the "primary purpose . . . '[of] use in an investigation or prosecution.'" Mooney v. Commonwealth, 69 Va. App. 199, 202-03 (2018) (quoting Cody v. Commonwealth, 68 Va. App. 638, 664 (2018)), aff'd on other grounds, ___ Va. ___ (June 27, 2019). A probation violation report falls into the category of testimonial hearsay. See Cox v. Commonwealth, 65 Va. App. 506, 517-21 (2015). If hearsay offered for the purpose of assessing wrongdoing in a revocation hearing is testimonial, the trial court must "specifically

---

[4] We have expressly characterized the "test for admissibility" of hearsay in probation revocation proceedings enunciated in Henderson, 285 Va. at 326, as "more stringent" than the test for admissibility in "[criminal] sentencing proceedings." Blunt, 62 Va. App. at 9-10; see id. at 10-11 (noting that although a defendant in a revocation proceeding is not entitled to all the constitutional rights available at trial, the "assessment of wrongdoing" required for revocation is similar to "the guilt phase of a trial and, thus, is more akin to a trial than a [criminal] sentencing proceeding is").

find[] good cause for not allowing confrontation." Henderson, 285 Va. at 326 (quoting Morrissey, 408 U.S. at 489). Good cause may be proved under either a reliability test establishing that the information is "substantial[ly] . . . trustworth[y]" or a balancing test. Id. at 327-28.

The appellant attempts to apply cases analyzing the use of hearsay in the guilt or assessment-of-wrongdoing phase of a revocation proceeding to the penalty or sentencing phase of that hearing. Although Henderson, 285 Va. at 326-28, clearly sets out the applicable test for the admission of hearsay in the portion of a revocation hearing in which the trial court must assess whether the probationer has violated the conditions of his suspended sentence, we conclude that Henderson and related appellate decisions leave unanswered whether hearsay offered *after* the assessment of wrongdoing has been made falls under the Henderson test or the standard for criminal sentencing set out in Moses, 27 Va. App. at 301-02. Consequently, we now consider what standard applies under such circumstances.

Manifestly, a criminal trial has two distinct components by operation of law—the guilt phase and the sentencing phase. See Code §§ 19.2-264.3, -295.1; Ford v. Commonwealth, 48 Va. App. 262, 268-69 (2006). We observe that from a structural perspective, a revocation hearing, like the criminal trial that preceded it, also involves two phases—evaluating whether a violation has occurred and, if so, determining an appropriate penalty. See Code § 19.2-306(C) ("If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension [of sentence], *then*: . . . if the court originally suspended the imposition . . . [or] execution of the sentence, the court shall revoke the suspension . . . ." (emphasis added)).

The Court recognized this parallel in Blunt, noting that to the extent that a revocation proceeding "requires an assessment of wrongdoing," it resembles "the guilt phase of a trial." Blunt, 62 Va. App. at 11. The Supreme Court has also acknowledged this two-part structure of a

revocation proceeding.  See Johnson v. Commonwealth, 296 Va. 266, 273 (2018) (noting that after the circuit court found the defendant in violation of the conditions of his probation, it "heard argument on sentencing"); Turner v. Commonwealth, 278 Va. 739, 744-45 (2009) (where the defendant admitted his wrongdoing at a revocation hearing but challenged the admission of evidence, reversing and, with the appellant's agreement, remanding for "resentencing" only). The appellant concedes as much on brief, by expressly referencing "*the sentencing phase* of a revocation hearing."  (Emphasis added).

Accordingly, we conclude that, like in a criminal prosecution, the standard for admitting hearsay in a revocation proceeding differs depending on whether the evidence is offered in what is essentially the assessment-of-wrongdoing (guilt) phase or the sentencing (penalty) phase.  Cf. Blunt, 62 Va. App. at 10-11 (discussing the standards applicable in the guilt and penalty phases of criminal trials and comparing and contrasting them with the standard for the guilt phase in revocation proceedings).  We further hold that the standard for the admissibility of hearsay during what is clearly the sentencing portion of a revocation hearing can be no higher than the standard for a sentencing directly following a criminal conviction, during the penalty phase of a trial.[5]

Applying the same admissibility test in both the guilt and penalty phases of a revocation proceeding would run counter to logic.  Just as Virginia's appellate courts have recognized in the context of a criminal trial with its guilt phase and subsequent sentencing phase, a defendant's guilt of the violation of a condition of a suspended sentence has already been determined in the assessment-of-wrongdoing phase, under the higher constitutional standard.  A defendant is

---

[5] We do not decide whether the standards are the same or a lesser standard applies.  See, e.g., Dietz v. Commonwealth, 294 Va. 123, 134 (2017) ("[T]he doctrine of judicial restraint dictates that we decide cases 'on the best and narrowest grounds available.'" (quoting Commonwealth v. White, 293 Va. 411, 419 (2017))).

simply not entitled to the same level of protection during what is clearly the sentencing portion of the revocation proceeding. Cf. Harper v. Commonwealth, 54 Va. App. 21, 22, 28-29 (2009) (reaffirming that the Sixth Amendment right of confrontation does not apply to criminal sentencing proceedings and that Moses governs the admissibility of hearsay at sentencing), cited with approval in Blunt, 62 Va. App. at 8.

Not all revocation proceedings fall neatly into two distinct phases. If the record does not reflect a clear division between the phases of the revocation proceeding, Henderson and its progeny set out the proper standard for the admissibility of testimonial hearsay. However, if the record makes clear that the revocation proceeding included a separate penalty phase and the challenged evidence was considered only in that phase, the applicable standard can be no higher than the standard for a sentencing directly following a criminal conviction, during the penalty phase of a trial.

In the appellant's case, the only issue on appeal concerns the admissibility of the 2010 report in what was clearly the sentencing portion of his 2018 revocation proceeding. The appellant expressly "conced[ed his most recent] violation" of the conditions of his suspended sentence in the 2018 proceedings, which the trial court characterized as a "stipulated plea" of guilty. Only after the appellant "conced[ed] the violation" did the Commonwealth seek to admit the challenged 2010 report, which it expressly offered only for purposes of "sentenc[ing]." Therefore, the relevant portion of the appellant's 2018 revocation hearing was the penalty phase, and we apply the standard for admissibility of hearsay in sentencing proceedings.

C. Admissibility of Challenged Evidence Under the Applicable Standard

In the context of the facts of this case, we analyze the admissibility of the 2010 report under the lower standard for admitting hearsay at sentencing. To be admissible in the penalty or

sentencing phase, hearsay evidence must "bear some indicia of reliability."[6] Blunt, 62 Va. App. at 9 (quoting Moses, 27 Va. App. at 302). In applying this standard, a trial court "may rely upon [not only] a defendant's criminal record" but also a variety of other categories of evidence. Moses, 27 Va. App. at 302 (quoting Thomas v. Commonwealth, 18 Va. App. 656, 659 (1994) (*en banc*)). Those other categories include "evidence of unadjudicated criminal activity" and "hearsay contained in a probation report." Thomas, 18 Va. App. at 659 (first citing Beaver v. Commonwealth, 232 Va. 521, 529 (1987); then citing O'Dell v. Commonwealth, 234 Va. 672, 701 (1988)); see Blunt, 62 Va. App. at 9 (citing Moses, 27 Va. App. at 302). The prosecution is not required to corroborate "every detail" of the hearsay to meet the necessary threshold. See Henderson v. Commonwealth, 59 Va. App. 641, 649, 655, 657 (2012) (*en banc*) (quoting United States v. Farmer, 567 F.3d 343, 348 (8th Cir. 2009)) (applying this principle under the higher standard applicable in the assessment-of-wrongdoing phase), aff'd, 285 Va. 318 (2013).

This Court held in Wolfe v. Commonwealth, 37 Va. App. 136 (2001), that testimony from a probation officer containing multiple layers of hearsay satisfied the some-indicia-of-reliability test for admission at criminal sentencing. Id. at 142-43, cited with approval in Blunt, 62 Va. App. at 11-12, 12 n.5. In that case, the probation officer obtained information from a sheriff's department employee who investigated a complaint against the defendant. Id. at 139, 142-43. The employee spoke to a co-worker of the defendant, who reported that the defendant had held a box-cutter to the co-worker's throat. Id. The trial judge admitted the evidence over the defendant's objection. Id. at 139. The judge also admitted information from the pre-sentence report and testimony from the probation officer documenting

---

[6] We also consider by analogy cases analyzing the admissibility of hearsay in the assessment-of-wrongdoing phase because evidence meeting the higher substantially-trustworthy standard applicable in that phase necessarily also meets the lower some-indicia-of-reliability standard. See Henderson, 285 Va. at 327-28; Blunt, 62 Va. App. at 9.

additional physical abuse and threats that the defendant made against two other people. Id. at 140, 142-43. This Court concluded that the evidence bore "the requisite 'indicia of reliability'" and upheld its admission. Id. at 142-43.

Similarly, in Moses, police officers "received . . . statements" from informants whom the officers reported to be "reliable," and they relayed those hearsay statements to a probation officer. Blunt, 62 Va. App. at 11 (reciting the procedural history of Moses, 27 Va. App. at 297-98). The probation officer then prepared an addendum to the presentence report that contained the hearsay statements that the informants made to the officers, and the trial judge admitted the addendum at sentencing. Id. (citing Moses, 27 Va. App. at 297-98, 302). This Court affirmed the admission of the addendum. Id. It did so "based on the trial court's finding that the information from the confidential informants was 'reliable due to corroboration from other sources and its particularity.'" Id. (quoting Moses, 27 Va. App. at 302).

Here, like in Wolfe and Moses, the requisite some-indicia-of-reliability standard was met, and the 2010 probation violation report was properly admitted. While Wolfe involved direct testimony from a probation officer, that testimony contained multiple layers of hearsay from alleged crime victims. 37 Va. App. at 139, 142-43. Both Moses and this case involved written probation reports rather than live testimony, but the hearsay that they contained was received from other government officials. 27 Va. App. at 298. In Moses, those officials were police officers who relayed an additional layer of hearsay information from confidential informants. Id. at 297-98. In the instant case, by contrast, to the extent that Sokol's 2010 report contained an additional layer of hearsay, that information came not from informants but from other probation officers who either (a) spoke to the appellant or relatives he named as contacts or (b) were simply unable to reach the appellant using the contact information he had provided. See Saunders v. Commonwealth, 62 Va. App. 793, 809-10 (2014) (holding based on the status of the

declarants that a hearsay report from "one social worker, a government official, to another" provided "evidence of reliability" and thus "possess[ed] 'substantial guarantees of trustworthiness'" (quoting Henderson, 285 Va. at 327)), aff'd, No. 140507 (Va. Feb. 26, 2015) (unpublished *per curiam* order). With regard to the appellant's failed drug test, he admitted directly to the probation officer or her co-worker that he had recently used cocaine. Further, information about the pending new misdemeanor charges was directly available to the probation officer as part of her duties in monitoring the appellant's compliance with the conditions of his probation, as well as through his criminal history record, which was separately admitted at the 2010 revocation hearing. Consequently, the 2010 report challenged by the appellant bore indicia of reliability at least equal to that of the evidence admitted in Wolfe and Moses.

Additionally, although the appellant's 2010 acknowledgment of guilt was not necessarily a concession that he committed all three violations listed in the 2010 report, it was corroborating evidence that he committed at least one of them. See Henderson, 285 Va. at 327 (relying in part on statements of a probationer "that directly or circumstantially corroborate the accusations" (citing United States v. Lloyd, 566 F.3d 341, 345 (3d Cir. 2009); and Crawford v. Jackson, 323 F.3d 123, 130 (D.C. Cir. 2003))). He also did not present any evidence contradicting the allegations. See id. (relying in part on "a probationer's failure to offer contradictory evidence" (citing Crawford, 323 F.3d at 130)). The appellant argues that he "attempt[ed] to call into question the veracity of the information contained in the [2010] report when debating whether it merited introduction." However, the key under the more stringent standard in Henderson is that the appellant did not offer any *evidence* in the 2018 proceeding to dispute the contents of the 2010 report, nor did he request a continuance to permit him to do so.

Lastly, the only 2010 violation upon which the trial court expressly relied in sentencing the appellant for the 2018 violation was his act of absconding from supervision. This was an

event about which the probation officer had at least some personal knowledge based on her unsuccessful efforts to reach the appellant by means of the contact information he had provided. Also, the report reflects that the remaining evidence was collected by other probation office employees. Consequently, the record supports the conclusion that the report bore the requisite "some indicia of reliability" necessary to permit its admission.[7]

### III. CONCLUSION

We hold that the trial court did not err by admitting the 2010 probation violation report into evidence in the sentencing portion of the 2018 revocation proceeding. The record, including the facts that the appellant entered a guilty plea to the 2010 violation and that the layers of hearsay in the 2010 report were minimal, established that the report met the some-indicia-of-reliability test required to support the admission of hearsay in a sentencing hearing. Consequently, we affirm the revocation of the suspension of the appellant's sentence.

Affirmed.

---

[7] The appellant asserts that the trial court "relied exclusively on the existence of [his 2010] guilty plea" as "corroboration of the reliability of the 2010 [r]eport" and erred by admitting the report without additional evidence establishing its reliability. Under settled principles, the judge's reference to the appellant's 2010 acknowledgment of guilt upon admitting the 2010 report does not necessarily comprise his full rationale for admitting it. See Young v. Commonwealth, 70 Va. App. 646, 655-56 (2019). Additionally, "unless an applicable statute or rule provides otherwise, 'a trial court is not required to give findings of fact and conclusions of law' to support a ruling." Id. at 655 (quoting Bowman v. Commonwealth, 290 Va. 492, 500 n.8 (2015)). Here, as discussed in the text, the evidence as a whole, including the appellant's guilty plea, viewed under the proper standard, meets the some-indicia-of-reliability test, which routinely results in the admission of probation reports.